IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RENEE RICHARDSON** | § | |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | CIVIL ACTION NO.   5:18-cv-151 |
| | § | |
| **THE MEDICAL TEAM, INC., d/b/a** | § | |
| **THE MED TEAM, INC.** | § | |
| *Defendant* | | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Plaintiff **RENEE RICHARDSON**, and file this Plaintiff's Original

Complaint and Jury Demand, complaining of **THE MEDICAL TEAM, INC., d/b/a THE MED**

**TEAM, INC.** hereinafter referred to as "Defendant" or "Med Team," and would respectfully show

unto the Court as follows:

**I.**
**PARTIES**

1.  Plaintiff, **RENEE RICHARDSON**, is a natural person who resides in Guadalupe County

    in the State of Texas, within the Western District of Texas, San Antonio Division.

2.  Defendant **THE MEDICAL TEAM, INC., d/b/a THE MED TEAM, INC.,** is a foreign

    for-profit corporation doing business in Comal County, Texas, which is in the Western

    District of Texas, San Antonio Division. Defendant may be served by certified mail, return

    receipt to its registered agent, UNITED STATES CORPORATION at 211 E. 7TH Street,

    Suite 620, Austin, TX 78701-3218.   A request for waiver of summons will first be issued.

**II.**
**VENUE**

1

*Renee Richardson v. The Med Team, Inc.*
Plaintiff's Original Complaint

3.  Plaintiff's claims arise under federal statute and state law.   This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law, Title VII of the Civil Rights Act of 1964, as amended, codified under Title 42 U.S.C. Section 2000e *et. seq.,* and pursuant to supplemental jurisdiction under Chapter 21 of the Texas Labor Code.

4.  This Court has jurisdiction to hear the merits of Plaintiff's claims due to the federal question raised pursuant to the federal statutes cited above.   Plaintiff brings claims under federal and state law.

5.  Venue is proper in the Western District of Texas, San Antonio Division, because the events or omissions forming the basis of the suit occurred in this District. Venue is proper in this Court in that the Defendant conducts business in the division.

6.  As of the time of filing, damages are within the jurisdictional limits of the court.

7.  All claims are brought under federal statute and state law.

### III.
### JURY DEMAND

8.  Plaintiff hereby tenders payment for and demand for trial by jury

### IV.
### MISNOMER / MISIDENTIFICATION

9.  In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein.   Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### V.
### BACKGROUND FACTS

2

*Renee Richardson v. The Med Team, Inc.*
Plaintiff's Original Complaint

10. It is against federal law and Defendant's policy to treat employees less favorably because of their race. Human resources should investigate claims of discrimination and protect employees from retaliation. It is further against federal law and Defendant's policy to target and terminate an employee for making a protected complaint of race discrimination. The Med Team, Inc., terminated Ms. Renee Richardson within a week of her emailing human resources that she was being discriminated against because of her race.

11. On or around March 30, 2015, The Med Team, Inc., hired Renee Richardson as a Provider Assistant Supervisor in San Antonio, Texas.

12. On or around July 01, 2015, Ms. Richardson was promoted to Branch Manager of the New Braunfels' office.

13. Ms. Richardson's job description included ensuring "that patient services are being provided as ordered and is responsible for promoting and communicating the goals and services offered by the Agency to the community...to ensure the office runs smoothly, education of staff, growth and development of TMT, utilization review, help improvement of adverse events." Ms. Richardson's job description and essential job functions do not include any language related to the census.

14. On or around December 2015, Divisional Operations Manager Alan Garza changed Ms. Richardson from salary to hourly when she requested to work less than 12 to 14 hours a day. No other branch managers were moved from salary to hourly.

15. On or around April 8, 2016, Ms. Richardson received her annual performance appraisal. On her appraisal, she could receive a score between 1 and 5 on the review scale, 1 being

*Renee Richardson v. The Med Team, Inc.*
Plaintiff's Original Complaint

3

unacceptable, 2 being needs improvement, 3 being proficient, 4 being commendable and 5 being exceptional. Of the 12 categories Ms. Richardson was rated on, she received a 4 on 10 categories and a 3 on 2 categories. In the Supervisor/Appraiser Comments section, Divisional Operations Manager Garza noted the many deficiencies that the New Braunfels' office as a whole had and "numerous obstacles to overcome" from 2015 to 2016. These deficiencies and obstacles included high administrative turnover, Electronic Visit Verification issues, low referral counts, high client discharges, poor communications with the San Antonio office, and problems with the census. These problems arose prior to Ms. Richardson's arrival and were prevalent throughout the workplace.

16. Ms. Richardson actively attempt to address some of the issues in the office prior to and after her evaluation, particularly since the New Braunfels' branch was out of compliance prior to her being hired and had many incomplete work assignments.

17. Ms. Richardson spent 12 to 14 hours a day restructuring and retraining the office to address numerous issues. For example, clients were being lost in large volumes due predominately to staffing issues. Ms. Richardson knew that to address staffing issues, pay rates needed to be addressed. Caregivers were being paid barely over minimum wage by Med Team, while the average caregiver at competitors locations were getting paid at least three or four dollars more an hour. It is hard to keep an employee when they can apply in the same area for the same job for significantly greater pay. This idea was proposed to Divisional Operations Manager Garza and rejected.

4

*Renee Richardson v. The Med Team, Inc.*
Plaintiff's Original Complaint

18. As a response to Garza's rejection of this proposal, and, instead of an hourly rate increase, Ms. Richardson proposed an incentives program and employee recognition program to boost morale, lower turnover, and increase productivity.   Garza rejected this proposal.

19. A new timeclock system was mandated by the State of Texas for all agencies who had contracts with the state to provide provider services.   Ms. Richardson attempted to fix the clock in/clock out system implemented and to reach compliance.   She further attempted to fix issues Defendant had with fraud and high client turn over.   Clients were being lost because caregivers were fraudulently clocking in and not doing work as indicated on their timesheets.   Instead, many weren't at locations on days they said they were and payments were being submitted to employees for work that was not done.   Ms. Richardson proposed a plan to fix this problem.   Divisional Operations Manager Garza rejected her proposal.

20. Ms. Richardson next requested help with the census, including a new recruiter for the New Braunfels' office.   Garza rejected this proposal was rejected.   However, a new recruiter was sent to the San Antonio office. Divisional Operations Manager Garza indicated to Ms. Richardson that there was no money in the budget for her ideas.   However, the owner of Med Team indicated in a prior marketing meeting that there was plenty in the budget, demonstrating this with a breakdown of available funds.

21. On or around January 20, 2017, Ms. Richardson emailed Human Resources Corporate Director Sarah Gogo to inform corporate and HR that Regional Operations Manager Alan Garza was discriminating against Ms. Richardson because she was black.

*Renee Richardson v. The Med Team, Inc.*
Plaintiff's Original Complaint

5

22. Two or three days later, members from HR and Corporate showed up looking for Ms. Richardson with termination paperwork. Ms. Richardson had the day off because she was sick with a stomach bug.

23. Immediately prior to Med Team terminating Ms. Richardson, Divisional Operations Manager Garza made a comment about Ms. Richardson's "afro" being out of control.

24. Ms. Richardson always kept her hair cut, professional, and well maintained.

25. On or around January 27, 2017, Regional Operations Manager Garza terminated Ms. Richardson's employment because "we are not performing; we have goals that have not been met." Ms. Richardson's failure to perform or meet goals was not reflected in her numbers. Further, her performance was not poor when compared to other branches of Defendant. The branches in San Antonio, Dallas, Mercedes, Brownsville, and Austin were all underperforming according to the same metrics used to evaluate the New Braunfels branch. However, the branch managers were not terminated. The branch managers of the other offices included:

    a. Lacie Richter, a white female;

    b. Kamla Beharrylal, who is listed by the EEOC documentation as "Other than black";

    c. Eileen Gregory, white;

    d. Christine Luna, Hispanic; and

    e. Christina Hernandez-Ayala, Hispanic.

26. On or around January 30, 2017, Ms. Renee Richardson dually filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission, Civil Rights Division ("TWCCRD"), alleging

6

*Renee Richardson v. The Med Team, Inc.*
Plaintiff's Original Complaint

discrimination and retaliation based on race (Black) and because she emailed human resources to make a protected complaint of discrimination based on race.

27. . At the time of her termination, Ms. Richardson made at least $45,760.00 annually.

## VI.
## DISCRIMINATION, RETALIATION AND WRONGFUL TERMINATION BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 and THE TEX. LABOR CODE § 21.051, *et seq.*

28. Prior to her termination, Plaintiff faithfully served Defendant in her capacity as employee and faithfully performed all duties expected of her. The acts committed by the agents, servants and/or employees of the Defendant in discriminating against and wrongfully terminating Plaintiff based on her race and based on the complaints made by her of race discrimination all constitute violations of Title VII of the Civil Rights Act of 1964 and the Tex. Labor Code § 21.051, et seq., including §§ 21.051, 21.101, 21.125, and any other applicable provisions.

29. As a result of Defendant's discrimination and unlawful retaliatory actions, the Plaintiff has suffered, and will continue to suffer actual damages in the form of lost wages, past and future, and lost employment benefits.

30. Others outside of Plaintiff's protected class were not treated similarly, being treated more favorably than Plaintiff.

## VII.
## DISCRIMINATION BASED ON RACE UNDER TEXAS LAW

31. The evidence will demonstrate:

   a.  Plaintiff Richardson belongs to a protected class based on race;

7

*Renee Richardson v. The Med Team, Inc.*
Plaintiff's Original Complaint

b.  Plaintiff Richardson was qualified for her position;

c.  Plaintiff Richardson was subject to adverse employment action(s); and

d.  There is an inference of race discrimination, including that Ms. Richardson was treated less favorably than similarly situated employees outside of her protected class and/or was replaced by someone outside her protected class.

## VIII.
## RETALIATION BASED ON RACE IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 and THE TEXAS LABOR CODE § 21.051, et seq.

32. The evidence will demonstrate:

a.  Plaintiff engaged in a protected activity (including, but not limited to, making complaints of, participating in, and opposing discrimination);

b.  Plaintiff was subjected to adverse employment action(s); and

c.  There is a causal connection between the protected activity and Defendant's adverse action.

33. Prior to her termination, Plaintiff faithfully served Defendant in her capacity as an employee and faithfully performed all duties expected of her.  The acts committed by the agents, servants, and/or employees of Defendant in retaliating against Plaintiff Richardson based on her opposition to racial discrimination by her manager constitutes violations of Title VII of the Civil Rights Act of 1964 and the Texas Labor Code § 21.051, et. seq.

34. Plaintiff opposition to racial discrimination led to Plaintiff's termination a week later.

35. Plaintiff complaints to Human Resources and Corporate resulted in retaliation and her wrongful termination.

36. Plaintiff herein contends Defendant generally violated the spirit and intent of the Labor

8

*Renee Richardson v. The Med Team, Inc.*
Plaintiff's Original Complaint

Code in that Defendant retaliated against Plaintiff and wrongfully terminated Plaintiff after her complaints of racial discrimination and retaliation, opposition to discrimination and participation in the complaint process.

37. The evidence will also show that Defendant's reason(s) for taking adverse employment actions against Plaintiff's employment are pretextual.

38. As a result of Defendants' unlawful race discrimination, Ms. Richardson has suffered compensatory damages by reason of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

39. Defendant's alleged non-discriminatory, legitimate reason for terminating Plaintiff lacks credence.

## IX.

### **RESPONDEAT SUPERIOR**

40. Employees involved in the discrimination described herein were at all times employees, agents, or representatives of the Defendant company and were at all times acting in the course and scope of that employment.   Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

## X.
### **DAMAGES**

41. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a.      All reasonable and necessary Attorneys' fees incurred by or on behalf of Plaintiff;

   b.      Back pay from the date that Plaintiff was terminated and interest on the back

9

*Renee Richardson v. The Med Team, Inc.*
Plaintiff's Original Complaint

pay in an amount sufficient to compensate Plaintiff as the Court deems equitable;

c.    Pecuniary losses;

d.    All reasonable and necessary costs incurred in pursuit of this suit;

e.    Expert fees as the Court deems appropriate;

f.    Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

g.    Pre and Post judgment interest as allowed by law and punitive damages;

h.    Mental anguish in the past;

i.    Mental anguish in the future; and

j.    Loss of benefits, promotional opportunities, and job status.

## XI.
## ADMINISTRATIVE FILINGS

42. Plaintiff dually filed her original verified complaint with the EEOC and the TWCCRD. Thereafter, Plaintiff received a "Notice of Suit" from the EEOC, giving Plaintiff notice of her right to sue Defendant within 90 days of its receipt. Plaintiff timely files her lawsuit.

43. Both the 180 day and the 300 day periods of time have passed since the filing of her TWCCRD and EEOC charges.

## XII.
## ATTORNEY FEES

44. Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining counsel. Therefore, Plaintiff seeks all reasonable and necessary attorney fees authorized under Title VII and the Texas Labor Code in this case which would include at least the following:

10

*Renee Richardson v. The Med Team, Inc.*
Plaintiff's Original Complaint

a. Preparation and trial of the claim, in an amount the jury deems reasonable;

b. Post-trial, pre-appeal legal services, in an amount the jury deems reasonable; and

c. An appeal to the Court of Appeals, in an amount the jury deems reasonable; and

d. Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## XIII.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein; that upon a final hearing hereof, a judgment be rendered for Plaintiff for damages set out above in an amount the jury deems reasonable under the circumstances, along with costs of court, and both post and prejudgment interest as allowed by law, attorneys' fees and for such other and further relief to which Plaintiff may be justly entitled.

**Respectfully Submitted,**

**PONCIO LAW OFFICES**
**A Professional Corporation**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**Telephone:(210) 212-7979**
**Facsimile:(210) 212-5880**

**BY:** */s/Thomas N. Cammack, III*

**ADAM PONCIO**
STATE BAR NO. 16109800
**THOMAS N. CAMMACK, III**
STATE BAR NO. 24073762
**ALAN BRAUN**
STATE BAR NO. 24054488

**ATTORNEYS FOR PLAINTIFF**

11

*Renee Richardson v. The Med Team, Inc.*
Plaintiff's Original Complaint

**RENEE RICHARDSON**

12