## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RENEE RICHARDSON** | § | |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:18-CV-151-FB** |
| | § | |
| **THE MEDICAL TEAM, INC. d/b/a** | § | |
| **THE MED TEAM, INC.** | § | |
| *Defendant* | § | |

### DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR
### SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF

Respectfully submitted,

By: _/s/ Richard G. Garza_____
     Richard G. Garza
     State Bar No. 07737200
     Email:  rgarza@jw.com
     JACKSON WALKER L.L.P.
     112 E. Pecan, Suite 2400
     San Antonio, TX  78205
     (210) 978-7734 (Direct)
     (210) 242-4606 – Fax

     Judy Bennett Garner
     State Bar No. 24092403
     Email: jgarner@jw.com
     JACKSON WALKER L.L.P.
     2323 Ross Avenue, Suite 600
     Dallas, TX 75201
     Telephone: (214) 953-6000
     Facsimile: (214) 953-5822

**ATTORNEYS FOR DEFENDANT,**
**THE MEDICAL TEAM, INC. d/b/a MED**
**TEAM, INC.**

Defendant The Medical Team, Inc. d/b/a The Med Team, Inc. (the "Med Team") submits this Reply in Support of Its Motion for Summary Judgment and Brief In Support Thereof. For the reasons set forth in the Med Team's Motion for Summary Judgment and Brief In Support Thereof (Doc. 26), summary judgment should be granted on all of Plaintiff's claims and this case should be dismissed with prejudice.[1]

## I.    Plaintiff Cannot Establish A *Prima Facie* Case Of Race Discrimination.

In Plaintiff's Response to the Med Team's Motion for Summary Judgment ("Pl's Response"), she argues that she can establish a *prima face* case of race discrimination because others outside of Plaintiff's protected class were treated more favorably than Plaintiff. (Pl's Response ¶ 25). Specifically, Plaintiff alleges that she was the only branch manager disciplined for poor performance related to the census and "4 others outside of her class were not disciplined for their lowered census numbers." (*Id*.). However, Plaintiff's claim is undisputedly false because one of Plaintiff's proffered comparators, Lacie Richter (who is Caucasian), was terminated just four days after Plaintiff for poor work performance due to the continuous decline of the patient census numbers in the Austin Office. (Pl's Compl. ¶ 25; Grisard Dep. 16:13 – 17:5, 17:21 – 17:23[2], Tab 6; Grisard Decl. ¶ 12, Ex. G, Tab 1;  Pembrook Decl. ¶ 10, Tab 3; Tzirimis Decl. ¶ 10, Tab 2).

Further, just four (4) months before Plaintiff's termination, the Med Team terminated the administrator of the Brownsville office, Lourdes Barton, for poor performance due to the continuous decline of the patient census for the Brownsville office. (Grisard Dep. 16:13 – 17:2,

---

[1] Unless otherwise stated in this Reply, the excerpts from deposition transcripts and other evidence referred to herein are contained in the Appendix to the Med Team's Motion for Summary Judgment filed with the Court on March 20, 2019. (Doc. 26).
[2] Lacie Richter's name is misspelled as "Lacy Richard" in the transcript from Ryan Grisard's deposition at 17:21 – 17:23, Tab 6.

Tab 6; Grisard Decl. ¶ 12, Ex. F, Tab 1; Pembrook Decl. ¶ 10, Tab 3; Tzirimis Decl. ¶ 10, Tab 2). Ms. Barton is Hispanic. (Grisard Decl. ¶ 12, Tab 1; Pembrook Decl. ¶ 10, Tab 3; Tzirimis Decl. ¶ 10, Tab 2). The decision to terminate both Ms. Richter and Ms. Barton was made by Leslie Pembrook, Ryan Grisard, and Nick Tzirimis, just as in Plaintiff's case. (Grisard Dep. 24:22 – 25:3, Tab 6; Grisard Decl. ¶ 12, Tab 1; Pembrook Decl. 10, Tab 3; Tzirimis Decl. ¶ 10, Tab 2). Plaintiff does not dispute these facts, which clearly show that Plaintiff was not treated less favorably because of her race.

## II.    Plaintiff Cannot Establish A *Prima Facie* Case Of Retaliation.

In Plaintiff's Response, she argues that she can establish the third element of the *prima facie* case of retaliation based on the close temporal proximity between the January 20th email and hertermination. (Pl's Response ¶ 20). However, the purported close timing between the January 20th email and Plaintiff's termination is not sufficient to satisfy the third element of the *prima facie* case because the individuals who made the decision to terminate Plaintiff (Leslie Pembrook, Ryan Grisard, and Nick Tzirimis) **did not** have knowledge of the January 20th email before deciding to terminate Plaintiff. (Grisard Dep. 33:5 – 33:18, Tab 6; Grisard Decl. ¶¶ 10, 13, Tab 1; Pembrook Decl. ¶¶ 8, 11, Tab 3; Tzirimis Decl. ¶¶ 8,  11, Tab 3). *See Yancy v. U.S. Airways, Inc.*, 469 Fed.Appx. 339, fn. 8 (5th Cir. 2012); *Amie v. El Paso Ind. Sch. Dist.*, No. EP-06-CA-113-DB, 2007 WL 1295800, at *7 (W.D. Tex. May 2, 2007); *Crain v. Judson Indep. Sch. Dist.*, No. SA-16-cv-832-XR, 2018 WL 5315219, at *17 (W.D. Tex. Oct. 26, 2018). Plaintiff offers no credible evidence to dispute this fact outside of her subjective belief that it is not true. However, Plaintiff's subjective belief is not sufficient to defeat summary judgment. *See Kennerson v. Guidry*, 135 F. App'x 639, 641-42 (5th Cir. 2005); *Lawrence v. Uni. Of Tex. Med. Branch at Galveston*, 163 F.3d 309, 313 (5th Cir. 1999).

In further support of her causation argument, Plaintiff cites to two cases which are distinguishable from the case at hand, *Bregon v. Autonation USA Corp.*, 128 Fed. App'x 358, 361-62 (5th Cir. 2005) and *Jenkins v. Orkin Exterminating Co., Inc.*, 646 Fed. Supp. 1274, 1278 (E.D. Tex. 1986). Plaintiff cites to *Bregon* for the proposition that the "combination of temporal proximity and the possibility of knowledge of protected activity is sufficient to satisfy a defendant's [sic] prima facie burden for a retaliation claim". (Pl's Response ¶ 21). *Bregon* is distinguishable because the plaintiff actually offered evidence that "people at work were likely aware of his complaint." *Bregon*, 128 Fed. App'x at 361. However, Plaintiff has offered no evidence that anyone at the Med Team was aware of the January 20th email before the decision to terminate Plaintiff's employment was made.  In fact, the decision makers have explicitly testified that they **<u>did not</u>** have such knowledge and Plaintiff has offered no credible evidence to contradict that testimony. (Grisard Dep. 33:5 – 33:18, Tab 6; Grisard Decl. ¶¶ 10, 13, Tab 1; Pembrook Decl. ¶¶ 8, 11, Tab 3; Tzirimis Decl. ¶¶ 8,  11, Tab 2). Accordingly, Plaintiff's reliance on *Bregon* is misplaced.

Plaintiff also cites to *Jenkins v. Orkin Exterminating Co., Inc.*, for the proposition that causation for retaliation claims (or the third element of the *prima facie* case) may be established through a combination of a defendant's failure to follow its progressive discipline policy, close temporal proximity between protected activity and adverse employment action, and the defendant's failure to provide the plaintiff with notice of deficiencies before taking adverse employment action. (Pl's Response ¶ 23). Like *Bregon*, *Jenkins* is also distinguishable from the case at hand for several reasons. First, the Med Team followed its discipline policy when terminating Plaintiff.  The Med Team's discipline policy provides that it may decide, in its sole discretion, the appropriate level of discipline for each personnel issue that arises. (Grisard Supp.

Decl. ¶ 4, Ex. H, Tab 1[3]; Jackson Dep. 36:23 – 37:3, Pl's Response, Ex. B). Accordingly, the Med Team has the discretion to initially issue an employee warning or immediately move for termination, based on its assessment of the infraction(s) at issue. (*Id.*)

Though management of the Med Team had the authority, in accordance with its discipline policy, to terminate Plaintiff without warning for the continued decline of the New Braunfels patient census, it provided Plaintiff with notice that she needed to improve the patient census for the branch prior to her termination. (Garza Decl. ¶ 4, Tab 4; RICHARDSON, L – 000263 – 000264, 000275 – 000276, 000301 – 000302, Tab 8). Notably, in March 2016, Plaintiff set a goal to increase the census by 30 – 50 patients (which she did not accomplish) and in April 2016, it was noted in Plaintiff's performance appraisal that she needed to increase the New Braunfels branch census numbers. (Richardson Dep. 125:6 – 125:19, Ex. 12, 128:7 – 129:12, Ex. 13, Tab 5). The fact that the Med Team terminated Plaintiff, after providing her notice of her deficiencies, is in no way a deviation from its discipline policy. *See Eyob v. Mitsubishi Caterpillar Forklift Am., Inc.*, 745 Fed.App'x 209, 211 (5th Cir. 2018); *Bugos v. Ricoh Corp.*, No. 07-20757, 2008 WL 3876548, at *5 (5th Cir. Aug. 21, 2008).

Second, as discussed above, temporal proximity is not sufficient to establish causation if the individuals who made the decision to terminate an employee had no knowledge of the employee's protected activity before doing so. *See Yancy v. U.S. Airways, Inc.*, 469 Fed. App'x 339, fn. 8 (5th Cir. 2012); *Amie v. El Paso Ind. Sch. Dist.*, No. EP-06-CA-113-DB, 2007 WL 1295800, at *7 (W.D. Tex. May 2, 2007); *Crain v. Judson Indp. Sch. Dist.*, No. SA-16-cv-832-XR, 2018 WL 5315219, at *17 (W.D. Tex. Oct. 26, 2018). That is indeed the case here, and there

---

[3] The Grisard Supplemental Declaration and accompanying exhibits are contained in the Appendix to the Med Team's Response to Plaintiff's Motion for Summary Judgment filed with the Court on April 3, 2019. (Doc. 28).

is no credible evidence to show otherwise. (Grisard Dep. 33:5 – 33:18, Tab 6; Grisard Decl. ¶¶ 10, 13, Tab 1; Pembrook Decl. ¶¶ 8, 11, Tab 3; Tzirimis Decl. ¶¶ 8,  11, Tab 2).

Finally, as discussed above, it is undisputed that the Med Team provided Plaintiff with notice that she needed to improve the patient census for the branch prior to her termination through email communication and performance evaluations, at a minimum. (Garza Decl. ¶ 4, Tab 4; RICHARDSON, L – 000263 – 000264, 000275 – 000276, 000301 – 000302, Tab 8; Richardson Dep. 125:6 – 125:19, Ex. 12, 128:7 – 129:12, Ex. 13, Tab 5). Accordingly, Plaintiff's reliance on *Jenkins* is also misplaced and does not assist Plaintiff in establishing a *prima facie* case of retaliation.

## III.   Plaintiff Has Not Shown That The Med Team's Reason For Terminating Plaintiff's Employment Was Pretext For Race Discrimination or Retaliation.

Plaintiff does not dispute that the Med Team has offered a legitimate, non-discriminatory and non-retaliatory reason for terminating Plaintiff's employment. Plaintiff only argues that the Med Team's stated reason—poor work performance due to the continuous decline of the patient census for the New Braunfels branch—is pretext for discrimination or retaliation. (Pl's Response ¶¶ 26 – 31). Plaintiff sets forth the following as evidence of pretext: (1) the close temporal proximity between the January 20th email and Plaintiff's termination; (2) the Med Team's decision not to investigate the allegations raised in the January 20th email; (3) the Med Team's alleged failure to follow its disciplinary policy; and (4) the Med Team's allegedly favorable treatment of employees who did not oppose discrimination.  (*Id*.). As set forth below , Plaintiff cannot establish that the Med Team's proffered reason for terminating Plaintiff's employment was pretextual.

### A.   Close Temporal Proximity Is Not Sufficient To Establish Pretext.

Close temporal proximity between the date of an employer becomes aware of a plaintiff's protected activity and an adverse employment action may be sufficient to support a *prima facie*

case of retaliation, but is not sufficient to establish pretext. *See Aryain v. Wal-Mart Stores Tx. LP*, 534 F.3d 473, 486 (5th Cir. 2008); *McCoy v. City of Shreveport*, 492 F.3d 551, 562 (5th Cir. 2007) (finding that the plaintiff failed to prove pretext by showing that the decision makers knew of her protected activity and took an adverse employment action shortly thereafter); *Lawrence v. Southwestern Bell Yellow Pages, Inc.*, No. 3:04-CV-2087-K, 2006 WL 8437213, at *7 (N.D. Tex. April 19, 2006) (noting that since the employer set forth a legitimate, non-retaliatory reason for the decision to terminate the plaintiff, the plaintiff must offer evidence, beyond close timing, to show that the real reason for her discharge was retaliation.)

As an initial matter, Plaintiff's reliance on temporal proximity fails (even at the *prima facie* stage) because the individuals who made the decision to terminate Plaintiff did not have knowledge of the January 20th email before the decision was made. (Grisard Dep. 33:5 – 33:18, Tab 6; Grisard Decl. ¶¶ 10, 13, Tab 1; Pembrook Decl. ¶¶ 8, 11, Tab 3, Tzirimis Decl. ¶¶ 8, 11, Tab 2). Plaintiff has no credible evidence to dispute that fact. However, even if she did, temporal proximity is not sufficient to establish pretext as a matter of law. *See e.g., Fairchild v. All Am. Check Cashing, Inc.*, 815 F.3d 959, 968 (5th Cir. 2016); *Miller v. Ford Auto Sales, Inc.*, 519 Fed. App'x 850, 853 (5th Cir. 2013). Accordingly, Plaintiff's temporal proximity argument fails based on the undisputed facts of this case and the governing law.

**B.    The Med Team's Decision Not To Investigate Plaintiff's Complaint Is Not Evidence Of Pretext.**

Plaintiff also offers that the Med Team's decision not to conduct an investigation of the allegation in the January 20th email is evidence of pretext. (Pl's Response ¶ 30). In support of this claim, Plaintiff cites to *O.C. v. Chevron Phillips Chemical Co., L.P.*, 570 F.3d 606, 624 (5th Cir. 2009). However,  *O.C.*  does not support the proposition that lack of investigation of a plaintiff's complaint is evidence of pretext. The portion of the case cited by Plaintiff actually discusses

whether the employer's shifting story as to the reason for the plaintiff's termination and/or the level of discipline levied upon the plaintiff should cast doubt on the employer's proffered explanation for the plaintiff's termination. *Id*. Neither of those items are at issue in this case, as the Med Team has consistently and truthfully stated that Plaintiff was terminated for poor work performance due to the continuous decline of the patient census for the New Braunfels branch, and Plaintiff was disciplined in accordance with the Med Team's policy (as discussed below). (Richardson Dep. 163:13 – 163:20, Tab 5).

**C.     The Med Team Followed Its Discipline Policy In Terminating Plaintiff.**

Plaintiff further claims that the Med Team failed to follow its discipline policy when terminating Plaintiff and that its alleged failure to do so is evidence of pretext. This claim simply is not true. The Med Team's discipline policy provides that it may decide, in its sole discretion, the appropriate level of discipline for each personnel issue that arises. (Grisard Supp. Decl. ¶ 4, Ex. H, Tab 1[4]; Jackson Dep. 36:23 – 37:3, Pl's Response, Ex. B). Accordingly, the Med Team has the discretion to initially issue an employee warning or immediately move for termination, based on its assessment of the infraction(s) at issue. (*Id*.)

Though management of the Med Team had the authority, in accordance with its discipline policy, to terminate Plaintiff without warning for the continued decline of New Braunfels' patient census, it provided Plaintiff with notice that she needed to improve the patient census for the branch. (Garza Decl. ¶ 4, Tab 4; RICHARDSON, L – 000263 – 000264, 000275 – 000276, 000301 – 000302, Tab 8). Notably, in March 2016, Plaintiff set a goal to increase the census by 30 – 50 patients (which she did not accomplish) and in April 2016, it was noted in Plaintiff's performance appraisal that she needed to increase the New Braunfels branch census numbers. (Richardson Dep.

---

[4] The Grisard Supplemental Declaration and accompanying exhibits are contained in the Appendix to the Med Team's Response to Plaintiff's Motion for Summary Judgment filed with the Court on April 3, 2019. (Doc. 28).

125:6 – 125:19, Ex. 12, 128:7 – 129:12, Ex. 13, Tab 5). The fact that the Med Team terminated Plaintiff, after providing her notice of her deficiencies, is in no way a deviation from its discipline policy and is definitely not evidence of pretext. *See Eyob v. Mitsubishi Caterpillar Forklift Am., Inc.*, 745 Fed.App'x 209, 211 (5th Cir. 2018) (finding that the employer did not diverge from its discipline policies because the policies included language explaining that the employer may bypass any portion of its discipline policy); *Bugos v. Ricoh Corp.*, No. 07-20757, 2008 WL 3876548, at *5 (5th Cir. Aug. 21, 2008) (finding that the employer did not deviate from its disciplinary policy which included a provision that each situation must be considered on its own merits to determine discipline).

**D.**     **There Is No Evidence That Employees Who Did Not Oppose Discrimination Were Treated More Favorably Than Plaintiff.**

Finally, Plaintiff alleges that employees who did not oppose discrimination were treated more favorably and that this is evidence of pretext. (Pl's Response ¶ 31). This could not be further from the truth. The Med Team terminated two other employees, Lacie Richter and Lourdes Barton, for poor work performance due to the continuous decline of the patient census for their respective offices, and those employees **did not** engage in any activity protected by Title VII or TCHRA prior to their terminations. (Grisard Supp. Decl. ¶ 3, Tab 1[5]).

Ms. Richter was the administrator for the Austin Office. (Grisard Dep. 16:13 – 17:5, 17:18 – 17:23, Tab 6; Grisard Decl. ¶ 12, Tab 1; Pembrook Decl. ¶ 10, Tab 3, Tzirimis Decl. ¶ 10, Tab 2). Administrators and branch managers have some overlapping job responsibilities, such as the responsibility for managing the patient census for his or her assigned office or branch. (Grisard Decl. ¶ 12, Tab 1; Pembrook Decl. ¶ 10, Tab 3; Tzirimis Decl. ¶ 10, Tab 2). The Med Team has

---

[5] The Grisard Supplemental Declaration and accompanying exhibits are contained in the Appendix to the Med Team's Response to Plaintiff's Motion for Summary Judgment filed with the Court on April 3, 2019. (Doc. 28).

no record that Ms. Richter engaged in any activity protected under Title VII or TCHRA prior to her termination. (Grisard Supp. Decl. ¶ 3, Tab 1[6]). Ms. Richter was terminated on January 31, 2017 (just four days after Plaintiff) for poor work performance due to the continuous decline of the patient census for the Austin office. (Grisard Dep. 16:13 – 17:23, Tab 6; Grisard Decl. ¶ 12, Ex. G, Tab 1; Pembrook Decl. ¶ 10, Tab 3; Tzirimis Decl. ¶ 10, Tab 2). Moreover, just four (4) months before Plaintiff's termination, the Med Team terminated Lourdes Barton, the administrator of the Brownsville office, for poor performance due to the continuous decline of the patient census for the Brownsville office. (Grisard Dep. 16:13 – 17:2, Tab 6; Grisard Decl. ¶ 12, Ex. F, Tab 1; Pembrook Decl. ¶ 10, Tab 3; Tzirimis Decl. ¶ 10, Tab 2). The Med Team has no record that Ms. Barton engaged in any activity protected by Title VII or TCHRA prior to her termination. (Grisard Supp. Decl. ¶ 3, Tab 1[7]). The decision to terminate both Ms. Richter and Ms. Barton was made by Leslie Pembrook, Ryan Grisard, and Nick Tzirimis, just as in Plaintiff's case. (Grisard Dep. 24:22 – 25:3, Tab 6; Grisard Decl. ¶ 12, Tab 1; Pembrook Decl. ¶ 10, Tab 3; Tzirimis Decl. ¶ 10, Tab 2). Based on the foregoing, it is clear that other employees who did not engage in protected activity were not treated more favorably than Plaintiff and therefore, there is no evidence of pretext.

## IV.    Conclusion.

For these reasons, Defendant The Medical Team, Inc. d/b/a The Med Team, Inc. respectfully requests that the Court grant summary judgment on all claims asserted by Plaintiff Renee Richardson and dismiss this case with prejudice.

---

[6] The Grisard Supplemental Declaration and accompanying exhibits are contained in the Appendix to the Med Team's Response to Plaintiff's Motion for Summary Judgment filed with the Court on April 3, 2019. (Doc. 28).
[7] The Grisard Supplemental Declaration and accompanying exhibits are contained in the Appendix to the Med Team's Response to Plaintiff's Motion for Summary Judgment filed with the Court on April 3, 2019. (Doc. 28).

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that, on April 9, 2019, a true and correct copy of this instrument was filed electronically, notice of the filing was served on all Counsel by operation of the Court's electronic filing system, and the parties may access this filing by and through the Court's electronic filing system.

_/s/_  _Richard G. Garza_____
Richard G. Garza